Commonwealth of Pennsylvania, Department of Public Welfare, Appellee, *v.* Marlene Tillman, Appellant.

Argued March 6, 1975, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Judd F. Crosby,* for appellant.

*Darius G. C. Moss,* Assistant Attorney General, with him *Barry A. Roth,* Assistant Attorney General, and *Marx S. Leopold,* General Counsel, for appellee.

OPINION BY JUDGE CRUMLISH, JR., May 6, 1975:

The issue presented by this appeal is whether a special allowance of the "actual minimum cost of transportation" to a welfare recipient attending a vocational training pro-

gram is limited to the minimum cost of public transportation available to a recipient or, as contended by Appellant, to the minimum cost of the transportation actually utilized by the recipient.

The parties have stipulated to the following facts which frame the legal issue presented:

Appellant, Marlene Tillman, is on public assistance and lives in Pittsburgh, Pennsylvania. From September 1973 to May 1974, Appellant was enrolled in a vocational training program at Allegheny Community College which made her eligible for a special transportation allowance under §3212.12 of the Public Assistance Manual of the Department of Public Welfare (DPW). This regulation provides an eligible recipient with the "[a]ctual minimum cost of transportation and necessary related expenses which cannot be met from other resources . . . (e) . . . a recipient must pay for transportation to attend vocational training. . . ." (Emphasis supplied.) During the period in question, Appellant received as part of her general assistance grant a $10.30 monthly transportation allowance, for a total of $92.70. Having used her private automobile to travel to and from the vocational program, Appellant's actual transportation costs totalled $416.31, which, after deducting applicable income from "other resources," exceeded her transportation allowance by $151.09. Upon being notified that the County Assistance office intended to terminate her monthly transportation allowance at the end of the academic term, Appellant requested a hearing to determine whether the allowance theretofore provided was sufficient to meet her "actual minimum cost of transportation" under §3212.12. At this hearing, as here, Appellant argued that §3212.12 requires a reimbursement of the minimum cost of the particular mode of transportation actually used by Appellant, i.e., her car. On August 9, 1974, the DPW hearing officer dismissed Appellant's appeal, interpreting the regulation to mean the minimum cost of transportation available, which in Ap-

pellant's case was public transportation. The appeal followed and we affirm.

The facts having been agreed upon, our scope of review is limited to a determination of whether the adjudication and order are in accordance with law. *Caddy v. Department of Public Welfare*, 14 Pa. Commonwealth Ct. 317, 322 A. 2d 140 (1974). We hold that the only interpretation of §3212.12 consonant with common sense and the purpose of public assistance as expressed by section 401 of the Public Welfare Code[1] is that an eligible recipient is entitled to be reimbursed for his or her actual cost of transportation to and from a vocational program, provided that this expenditure is the minimum amount possible considering the reasonable modes of transportation available to a recipient. In other words, if public transportation is reasonably accessible and costs less than other means of transportation available, a recipient is entitled only to the actual cost of public transportation. To accept Appellant's construction that her transportation allowance should be controlled by the mode of transportation actually employed by her would make surplusage of the term "minimum" which clearly modifies "cost of transportation." If a welfare recipient lives in a building near a bus stop but also owns a car which costs fifteen cents per mile to operate, is his or her "actual minimum cost of transportation" the car? If the grantee prefers a taxi to public transportation, is his or her "actual minimum cost of transportation" the taxi?

Appellant finds support for her interpretation in the specific limitation of the mode of permitted transportation in other sections of the DPW regulations dealing with special transportation allowances, and thus inferentially the intended absence of such a limitation on

1. Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §401, provided in part that "assistance shall be administered in such a way and manner as to encourage self-respect, self-dependency and the desire to be a good citizen and useful to society."

§3212.12. For example, under §3212.11, relating to transportation for medical care, a recipient is entitled to the "minimum cost of public transportation, if the person can travel by public transportation and public transportation is available, otherwise 7¢ per mile"; and under §3213.2A, as a grant to decrease need for assistance, a recipient is entitled to the "actual cost for public transportation or transportation by another person's automobile, or 7¢ a mile for transportation by the client's automobile. . . ." A reading of these sections in their entirety, however, reveals an intent to provide a transportation allowance which costs the least and is most practical for the situation. A specific limitation of §3212.12 to the cost of public transportation would not serve this function because, unlike §§3212.11 and 3213.2A, §3212.12 covers a myriad of transportation needs for which in some cases public transportation would not be practical. Thus, under subsection (a) of §3212.12 the limitation of moving expenses to the cost of public transportation would not be realistic where a recipient intends to move large household items. Similarly, under subsection (c) of §3212.12, dealing with transportation expenses for a medical or psychological examination required by DPW, a utilization of public transportation by a recipient with an ambulatory disability would prove impractical if not impossible. No such limitations are presented by Appellant's need for transportation to a vocational training program. Thus in her situation, the "actual minimum cost of transportation" would be public transportation if it was available.

Although it is apparent from the hearing examiner's adjudication that he believed public transportation was readily available to Appellant, no finding was made in this respect and the stipulations entered to do not resolve the question.[2] We therefore remand the case to the hearing

---

2. Interestingly, although the hearing examiner determined Appellant's "actual minimum cost of transportation" to be the

examiner for a determination of the availability of public transportation, the cost thereof, and any necessary recomputations of Appellant's grant should such cost exceed the transportation allowance received.

### ORDER

AND NOW, May 6, 1975, the order of the hearing examiner is affirmed, and the record is remanded for proceedings consistent with this opinion.

cost of public transportation, the cost of public transportation was found to be $16.91 per month, thus exceeding Appellant's monthly transportation allowance. In light of our disposition of the case, any recomputation can be made by DPW on remand.